ROBERTA STEELE, SBN 188198 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
RAYMOND T. CHEUNG, SBN 176086 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA  94102
Telephone No. (415) 522-3157
Fax No. (415) 522-3425
raymond.cheung@eeoc.gov

Attorneys for Plaintiff EEOC

UNITED STATES DISTRICT COURT FOR THE
NORHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>HCL AMERICA, INC.,<br><br>Defendant. | CIVIL ACTION NO.<br><br><br>COMPLAINT AND JURY TRIAL DEMAND |

NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA"); and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"); Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices and provide appropriate relief to Kennyres "Kenny" Batchu (hereinafter "Batchu") who was adversely affected by such practices.  As alleged with greater particularity below, Plaintiff U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC")

alleges that since at least April 2021, Defendant HCL America, Inc. ("Defendant" or "HCL") has engaged in discrimination in hiring because of age in violation of the ADEA, and discrimination in hiring because of national origin, Indian, in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. This action is also authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (f)(3) and 2000e-6 ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of California.

## PARTIES

4. Plaintiff U.S. Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705.

5. The EEOC is also charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

6. Defendant HCL is the U.S. subsidiary of HCL Technologies Ltd., a global information technology and consulting company based in India. HCL's clients come from a variety of industries, ranging from healthcare to software. Defendant HCL is headquartered in Santa Clara, California.

7. At all relevant times, HCL has been a corporation continuously doing business in the State of California and employing at least twenty (20) employees.

8. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

9. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

10. More than thirty (30) days prior to the institution of this lawsuit, Batchu filed Charge No. 556-2021-00523 with the EEOC alleging that Defendant violated the ADEA and Title VII.

11. On May 31, 2023, the Commission issued to Defendant an administrative determination finding, *inter alia,* reasonable cause to believe Defendant violated the ADEA and Title VII by failing to hire Batchu due to his age and national origin, Indian, and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and to provide appropriate relief.

12. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

13. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

14. On August 14, 2023, the Commission issued to Defendant a Notice of Failure of Conciliation.

15. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

16. Since at least April 2021, Defendant engaged in unlawful employment practices in California in violation of the ADEA and Title VII. These unlawful employment practices include, but are not limited to, refusing to hire Kenny Batchu due to his age and national origin, Indian.

17. In the Spring of 2021, Defendant had a vacancy for a Sales Director position in its medical devices group, to work with its client Abbott Laboratories. The successful job candidate for this Regional Sales Director job opening ("Abbott Position") would be responsible for managing a portfolio of services for the client, creating and developing IT, engineering and R&D services for the client, and working with HCL's marketing department to sell HCL products to the client.

18. The Abbott Position job description listed only two objective qualifications: fifteen plus years of experience selling engineering services to Fortune 500 companies and a bachelor's degree.

19. Defendant's hiring team tasked to fill this Abbott Position consisted of a Recruiter and her supervisor, the Deputy General Manager of Sales and Leadership Hiring (Deputy General Manager), HCL's Sales Director of Engineering and Research & Development Services in Medical Devices, (Sales Director), the Associate Vice President Med Tech – Engineering and Research & Development Services (Associate Vice President) and an Executive Vice President (Executive Vice President).

20. In April 2021, Kenny Batchu submitted his resume to HCL.

21. On June 15, 2021, HCL's Recruiter emailed Batchu's resume to the Sales Director and Associate Vice President to consider for the Abbott Position.

22. Batchu was 61 years old when HCL was considering him for the Abbott Position. Batchu is Indian.

23. Batchu satisfied the job description qualifications listed in the job description. He had Bachelor of Technology in Engineering, specializing in Electrical and Electronics Engineering, a

Diploma in Business Administration, and more than 15 years of domestic and international business development experience.

24. On July 1, 2021, the Sales Director interviewed Batchu for the Abbott Position via videoconference.

25. On July 1, 2021, after interviewing Batchu, the Sales Director sent an email to the hiring team, telling them that he "spoke with Kenny, good guy but he is too old and will not suite [sic] for the role we have in Abbott. Pl [sic] explore diverse candidates as we spoke yesterday[.]" Batchu was copied on the email.

26. HCL categorizes candidates as "diverse" if they are non-Indian, female or both.

27. Defendant HCL did not hire Batchu for the Abbott Position and continued to seek candidates for the position.

28. On July 14, 2021, HCL's Sales Director emailed the Recruiter, reiterating his request for diverse candidates for the Abbott Position.

29. On July 21, 2021, the Recruiter emailed the District General Manager to summarize candidates for the Abbott Position. The Recruiter identified two Indian candidates whom HCL had determined were qualified but for whom the application process had been suspended because they were Indian. The Recruiter told the District General Manager that she had other potential candidates for the position but had not submitted them because of their national origin and/or sex.

30. On July 26, 2021, the Recruiter and Sales Director exchanged emails discussing their goals to identify candidates based on gender and ethnicity and noting their willingness to dispense with some qualifications, including sales or IT experience, depending on the candidate. The Sales Director added that if the Recruiter ran into "roadblocks" they "will relax [the qualifications] further and find a way out."

31. Between July 27 and August 20, 2021, the Recruiter referred four non-Indian and one Indian job applicant to the Sales Director for the Abbott Position.

COMPLAINT – 5

32. Subsequently, the application of the Indian applicant was placed on hold and did not advance to the next round of consideration for the Abbott Position.

33. HCL ultimately hired a non-Indian candidate for the Abbott Position who had applied for the job in August 2021.

34. This selectee was more than five years younger than Batchu.

35. Since at least April 2021, Defendant has discriminated against Kenny Batchu by not hiring him for the Abbott Position because of his age in violation of the ADEA.

36. Since at least April 2021, Defendant has discriminated against Kenny Batchu by not hiring him for the Abbott Position because of his national origin, Indian, in violation of Title VII.

37. The effect of the unlawful employment practices identified in Paragraphs 16-36, above, has been to deprive Kenny Batchu of equal employment opportunities and otherwise adversely affecting his status as a job applicant because of his age.

38. The effect of the unlawful employment practices identified in Paragraphs 16-36, above, has been to deprive Kenny Batchu of equal employment opportunities and otherwise adversely affecting his status as a job applicant because of his national origin, Indian.

39. The unlawful employment practices complained of in Paragraphs 16-36, above, were intentional.

40. The unlawful employment practices complained of in Paragraphs 16-36 above, were done with malice or with reckless indifference to the federally protected rights of Kenny Batchu.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate based on age and national origin, including denial of hire.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all workers and that eradicate the effects of its past and present unlawful employment practices due to age and national origin.

C. Order Defendant to make whole Batchu by providing back pay with prejudgment interest and a tax component award, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to instatement or front pay in lieu thereof.

D. Order Defendant to make whole Batchu by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices, including but not limited to loss of personal property, medical expenses, and retirement or pension contributions not covered by Defendant's employee benefit plan, in amounts to be determined at trial.

E. Order Defendant to make whole Batchu by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in Paragraphs 16-36, above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial.

F. Order Defendant to pay Batchu, liquidated damages under the ADEA for willful conduct described in Paragraphs 16-36, above, in amounts to be determined at trial.

G. Order Defendant to pay Batchu punitive damages for the malicious and reckless conduct described in Paragraphs 16-36, above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated this 2nd day of August, 2024.

BY: /s/ Roberta L. Steele
Roberta L. Steele
Regional Attorney

BY: /s/ Marcia Mitchell
Marcia Mitchell
Assistant Regional Attorney

BY: /s/ Raymond T. Cheung
Raymond T. Cheung
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

San Francisco District Office
450 Golden Gate Ave, 5th Floor West
P.O. Box 36025
San Francisco, CA 94102
Telephone (650) 684-0936
raymond.cheung@eeoc.gov

KARLA GILBRIDE
General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

Office of the General Counsel
131 "M" Street NE
Washington, D.C. 20507

Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

DATED this 2nd day of August, 2024

/s/ Jimmy Yen
JIMMY YEN
Paralegal Specialist
Equal Employment Opportunity Commission
909 First Ave., Suite 400
Seattle, Washington 98104
Telephone: 206-576-3043
Fax: 206-220-6911
Email: jimmy.yen@eeoc.gov