ROBERTA L. STEELE, SBN 188198 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
MARIKO M. ASHLEY, SBN 311897 (CA)
ARTHUR D. WELTON, SBN 294259 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA  94102
Telephone No. (650) 684-0947
Fax No. (415) 522-3425
Arthur.welton@eeoc.gov

*Attorneys for Plaintiff EEOC*

MICHAEL D. WILSON, JR., CA Bar No. 233334
michael.wilson@ogletree.com
KHADIJAH O. KENYATTÉ, CA Bar No. 337236
khadijah.kenyatté@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
One Embarcadero Center, Suite 900
San Francisco, CA 94111
Telephone: 415-442-4810
Facsimile: 415-442-4870

*Attorneys for Defendant*
*HCL AMERICA, INC.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>HCL AMERICA, INC.,<br><br>Defendant. | Case No.:  5:24-cv-04694-PCP<br><br>**JOINT STIPULATION LIFTING STAY AND STATEMENT OF THE PARTIES' UPDATED CASE SCHEDULE PROPOSALS**<br><br>Complaint Filed:  August 2, 2024<br>Trial Date:  October 5, 2026<br>Judge:  Hon. P. Casey Pitts |

Pursuant to the Northern District Local Rules 6-1(b), and 7-12, and in compliance with the Court's Order Granting Stay (ECF No. 49) of October 16, 2025, Plaintiff U.S. Equal Employment

Opportunity Commission ("Plaintiff" or "EEOC") and Defendant HCL America, Inc. ("Defendant" or "HCLA") (collectively, the "Parties), by and through their respective undersigned counsel, submit this Joint Stipulation Lifting Stay and Statement of Updated Case Schedule Proposals as follows:

## **BACKGROUND**

The EEOC filed the instant action on August 2, 2024. (ECF. No. 1). Defendant Answered EEOC's Complaint on October 7, 2024. (ECF No. 14). On November 25, 2024, this Court issued a Case Management Order setting a trial schedule for this matter. (ECF No. 24). The Court previously extended the Parties' ADR Deadline twice to allow additional time for them to participate in private mediation. (ECF Nos. 41, 45). Mediation occurred on July 7, 2025, and despite ongoing subsequent meet and confer efforts regarding the terms of a settlement the Parties have been unable to reach agreement to resolve this matter.

On October 1, 2025, Plaintiff filed a Motion for Stay and Extension with Request for Expedited Ruling Due to Lapse In Appropriations (ECF No. 46) as on September 30, 2025, federal government appropriations lapsed and the EEOC shut down. On October 15, 2025, Defendant's Conditional Statement of Non-Opposition to Plaintiff's Motion to Stay and Extension Due to Lapse In Appropriation was filed with the Court stating among other things that Defendant's anticipated the need to push back all remaining deadlines a minimum of four to six months or more. (ECF No. 47).

On October 16, 2025, the Court issued an Order granting the EEOC's motion to stay all proceedings until their funding is restored and ordering the parties to meet and confer and submit either a proposed updated case schedule or a joint statement identifying any areas of disagreement about that schedule. (ECF No. 49). The EEOC's funding was restored on November 13, 2025, and the Parties have met and conferred regarding a proposed updated case schedule and were unable to reach an agreement regarding the length of a proposed trial continuance.

## **DIFFERENT PROPOSED UPDATED CASE SCHEDULES**

The EEOC proposes a trial continuance of four (4) months and the following case schedule:

| Event | Date/Deadline |
|---|---|
| **Discovery and Motion Schedule** | |
| Non-Expert Fact Discovery | April 5, 2026 |

| Initial Expert Disclosures | May 9, 2026 |
|---|---|
| Rebuttal Expert Disclosures | June 6, 2026 |
| Expert Discovery | July 6, 2026 |
| Non-Dispositive Pre-Trial Motion Filing and Dispositive Motion Filing | August 24, 2026 |
| | |
| **Trial Schedule** | |
| Joint Pretrial Conference | January 12, 2027 |
| Jury and/or Bench Trial (5 days) | February 8, 2027 |

HCLA proposes the following reasonable case schedule for this matter:

| Event | Date/Deadline |
|---|---|
| **Discovery and Motion Schedule** | |
| Non-Expert Fact Discovery | July 6, 2026 |
| Initial Expert Disclosures | August 10, 2026 |
| Rebuttal Expert Disclosures | September 2, 2026 |
| Expert Discovery | October 2, 2026 |
| Non-Dispositive Pre-Trial Motion Filing and Dispositive Motion Filing | November 2, 2026 |
| | |
| **Trial Schedule** | |
| Joint Pretrial Conference | March 9, 2027 |
| Jury and/or Bench Trial (5 days) | April 19, 2027 |

**EEOC POSITION**

The EEOC believes that a trial continuance of four (4) months is more than adequate for this matter to be fully prepared for trial. This matter has been pending for well over a year, having been filed in August of 2024. The EEOC's proposed trial date of February 8, 2027, gives sufficient time for the Parties to complete remaining discovery, file motions and otherwise fully prepare for trial. Additional delay is unwarranted absent a reasonable excuse. Defendant's counsel has not provided EEOC with specific information that would support the need for an additional three-month continuance although that information was requested. Discovery was not stayed pending mediation. The Parties exchanged written discovery and produced documents prior to the mediation. Since the July 8, 2025 mediation, the Parties have continued to negotiate but remain at impasse on an issue of critical importance. While the EEOC is willing to continue negotiating settlement terms with Defendant, the case and trial schedule should not be further delayed. Discovery and motion practice can move forward in tandem with continued settlement negotiations. As such, Defendant should not be entitled to any deference for their proposed date

when the EEOC has a strong interest in moving this case forward to conclusion to recover remedies provided by Title VII and the ADEA.

**HCLA'S POSITION**

HCLA respectfully requests that the court adopt the reasonable and considered defense proposal/schedule , in order to (a) complete ongoing settlement negotiations; (b) permit the parties -- and HCLA in particular -- enough time to complete the necessary discovery needed before trial, after previously agreeing to stay discovery pending the parties participation in mediation before the Honorable Maria Elena-James (Ret.); and (c) account for the conflicts (including other previously set trial dates and arbitration dates) on defense counsel's schedule.

As Plaintiff mentioned above, the Parties met and conferred in good faith regarding preparing a joint proposed post-stay Scheduling Order. However, given lead defense counsel's multiple trial, arbitration, deposition and Berman hearing dates, as well as pre-planned personal appointments in the November 2026 through February 2027 period, HCLA could not agree to the proposed post-stay schedule presented by the EEOC. Contrary to the statement above by Plaintiff, discovery was in fact stayed once the parties agreed on the second mediator and selected the mediation date with Judge Elena-James (Ret.). Although the mediation went forward in July, the session ended with Judge Elena James (Ret.) issuing a mediator's proposal. In the period between the July mediation and the date when Plaintiff filed a motion for a stay, the Parties had been negotiating the terms of a potential Consent Decree in addition to negotiating for the full and final resolution of all claims in this matter, that include any potential claims by the underlying charging Party (Kennyres "Kenny" Batchu"). In turn, discovery had been stayed in this matter since before July 2025 and has not technically resumed as of this filing. In turn, during when the parties engaged in the post-government shutdown meet and confer conference on November 25, 2025, and HCLA included a brief discussion about the one remaining issue in this case, HCLA hoped that its reasonable proposal would be enthusiastically adopted by Plaintiff. HCLA also noted that during the during the meet and confer conference, the EEOC did imply that it would be prejudiced in any way by this slight (but important) difference in the suggested trial date, such that HCLA's preference should be given greater deference.

Given that a few of the EEOC's proposed deadlines appeared to fall on weekends [Non-Expert

Fact Discovery: April 5, 2026 (Sunday); Initial Expert Disclosures (May 9, 2026 (Saturday); and Rebuttal Expert Disclosures June 6, 2026 (Saturday)], HCLA further understood that Plaintiff's proposed schedule to be a preliminary/cursory draft subject to further revision, especially after discussing defense counsel's noted conflicts in order forums, and the extent of outstanding and considerable discovery issues on both ends. It seemed unreasonable for the EEOC to demand that defense counsel respond to an onerous request for the dates, times, counties, venues, work diaries, etc. for every single conflict in order to be reasonable, so it trusts that the Court will take this fact in account when considering HCLA's reasonable proposal. Finally, HCLA reiterates for the Court that mediation efforts between the Parties are ongoing, and that the Parties are down to *one* outstanding issue. HCLA will represent to the Court that it spoke to Judge Elena-James (Ret.) twice this week – at her request – as her ongoing efforts to work with the parties to secure a potential global resolution. In turn, it is HCLA's hope that with Judge Elena-James (Ret.) still involved in the mediation process that there is a possibility of a breakthrough on that one issue in light of recent representations by Plaintiff, such that this matter is either resolved and/or the parties have a few weeks before formally restarting discovery in this matter, and that in the alternative, the Court will adopt the defense's reasonable proposal that avoids the need to seek additional relief due to other trial/court/arbitration-related conflicts already set. Respectfully Submitted.

WHEREFORE, the Parties respectfully request that this court enter an Order lifting the stay on this litigation and consider their respective proposals for an updated case schedule.

Dated: December 4, 2025.

| | |
|---|---|
| ROBERTA L. STEELE<br>Regional Attorney | MARIKO M. ASHLEY<br>Senior Trial Attorney |
| MARCIA L. MITCHELL<br>Assistant Regional Trial Attorney | ARTHUR D. WELTON<br>Trial Attorney |

BY:  /s/ Arthur Welton
     U.S. EQUAL EMPLOYMENT
     OPPORTUNITY COMMISSION
     San Francisco District Office
     450 Golden Gate Ave., 5th Floor West
     P.O. Box 36025
     San Francisco, CA 94102
     Telephone (650) 684-0947
     arthur.welton@eeoc.gov

*Attorneys for Plaintiff EEOC*

By: _____
MICHAEL D. WILSON, JR.
KHADIJAH O. KENYATTE
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
One Embarcadero Center, Suite 900
San Francisco, CA 94111
Telephone: 415-442-4810
Facsimile: 415-442-4870

*Attorneys for Defendant HCL America, Inc.*

## LOCAL RULE 5-1(i)(3) ATTESTATION

I am the ECF User whose ID and password are being used to file the foregoing document.  In compliance with Local Rule 5-1(i)(3), I hereby attest that counsel for Defendant concurred in this filing.

Dated:  December 4, 2025.

By:  */s/ Arthur D. Welton*_____
    ARTHUR D. WELTON